IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CURTIS DIEGO BILLINGS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | **CIVIL No: 7:14-CV-052-HL-TQL** |
| **Warden MARTY ALLEN and** | : | |
| **COII RONALD HARVEY,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff Curtis Diego Billings, an inmate currently confined at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983.  After construing all allegations in the Complaint (Doc. 1) and Supplement (Doc. 7) liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations fail to state a federal claim.  Plaintiff's Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of dismissal.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263

(11th Cir. 1998).   A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  See Twombly, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

The present case arises out of an alleged use of unnecessary force at Valdosta State Prison.  Plaintiff alleges that Defendant COII Ronald Harvey pulled his right arm through a shower door flap and then "put his feet on the bottom of the door" and sat on the ground so that he could continue to pull, twist, and bend Plaintiff's arm.  Plaintiff states that this caused him to

"cry out in pain" and ask Harvey to let go of his arm.  Harvey apparently let go after a few

minutes.  Plaintiff does not allege that he suffered any lasting physical injury or that he required

any medical treatment as a result of Harvey's actions.  Warden Allen allegedly went to Plaintiff's

cell afterwards and stated "next time he was going to tell the officers to beat [Plaintiff's] ass"; he

has since failed to take any disciplinary action against Harvey.

Plaintiff now attempts to state § 1983 claims against Defendants for violations of the

Eighth Amendment.  Plaintiff may have also attempted to bring state law claims for "assault,

battery, and conspiracy," and he requests that a "warrant" be issued for Harvey's arrest.

I.        Section 1983 Claim against Warden Allen

Based on Plaintiff's allegations, the undersigned finds that Warden Allen is named as a

party in this action as Harvey's supervisor.  Warden Allen may not be held liable under § 1983

for the acts of his subordinates, however.  A prisoner cannot state a § 1983 claim based upon a

theory of respondent superior or vicarious liability. Miller v. King, 384 F.3d 1248, 1261 (11th

Cir. 2004).  "The standard by which a supervisor is held liable in his individual capacity for the

actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir.

2003) (quotation marks and alteration omitted).  To state a claim against a supervisory official, a

prisoner must allege facts showing either that the supervisor personally participated in the

alleged constitutional violation or that there is a causal connection between the actions of the

supervising official and the alleged constitutional deprivation. H.C. by Hewett v. Jarrard, 786

F.2d 1080, 1086-87 (11th Cir. 1986).  This may be done by alleging that the officials either "(1)

instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights;

(2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting

unlawfully when he knew they would." Gross v. White, 340 F. App'x 527, 531 (11th Cir. July

17, 2009) (citing <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff has not made any such allegations against Warden Allen.   Allen's failure to investigate the incident and/or take disciplinary action against Harvey is not enough to establish his personal involvement in the alleged constitutional violation.   See <u>Wright v. City of Ozark</u>, 715 F.2d 1513, 1516 (11th Cir. 1983) (". . . the failure to investigate an accident/incident, without more, does not violate any constitutional rights."). <u>C.f.</u>, <u>Pride v. Danberg</u>, No. 08–848– RK, 2009 WL 151535, *3 (D. Del. Jan.22, 2009) (". . . participation by Defendants in the after-the-fact review of [plaintiff's] complaints is not enough to establish personal involvement."); <u>Ward v. Scribner</u>, No. 1:05-CV-01618-OWW, 2006 WL 1651697, *4 (E.D. Cal. June 12, 2006) ("Plaintiff's bare allegation indicating that [the] defendant ... knew something had occurred is insufficient to impose liability . . . .").

Warden Allen's alleged verbal threat to Plaintiff after the incident likewise does not violate any constitutional right.   Allegations of mere threatening language and gestures in the prison setting do not state a claim of federal constitutional dimension.   See <u>Hernandez v. Fla. Dep't of Corr.</u>, 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam) (citing <u>Edwards v. Gilbert</u>, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) ("verbal abuse alone is insufficient to state a constitutional claim"), cert. denied, 129 S.Ct. 1402 (2009)).

II.      <u>Section 1983 Claim against Officer Harvey</u>

Even if true, the allegations in Plaintiff's Complaint also fail to state an excessive force claim against Ronald Harvey.   To state an Eighth Amendment claim for the excessive use of force, a plaintiff must allege (1) conduct by the defendant that was objectively "harmful enough" to establish a constitutional violation and (2) facts suggesting that that the defendant "act[ed] with a sufficiently culpable state of mind," i.e., he acted "maliciously and sadistically to cause

harm." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

In this case, Plaintiff has failed to allege facts sufficient to satisfy the first prong.  The Complaint merely alleges that Harvey pulled Plaintiff's arm and caused him some temporary pain.  This conduct was likely unprofessional and maybe unnecessary; however, "[n]ot every push or shove, even if it may later seem unnecessary . . . , violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973), cited with approval in Hudson, 503 U.S. at 9.  An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)); Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996).  "[T]he application of *de minimis* force, without more, will not support an excessive force claim."  Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000).

Plaintiff's Complaint describes a momentary, "*de minimis* use[ ] of physical force," not conduct "repugnant to the conscience of mankind.'" See Hudson, 503 U.S. at 9 10; Smith v. Secretary, Dept. of Corrections, 524 F. App'x 511, 513 (11th Cir. 2013) (use of force by pressing prisoner against wall and twisting his arm was *de minimis* where prisoner suffered only minor injury); Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002) (holding that where officer "grabbed plaintiff's arm, twisted it around plaintiff's back, jerking it up high to the shoulder . . . as plaintiff fell to his knees screaming" did not constitute excessive force).  The fact Plaintiff has alleged only that he suffered some temporary pain as a result of Harvey's conduct – and has not alleged that he suffered any lasting physical injury or required medical care after the incident – supports this finding. See Gold v. City of Miami, 121 F.3d 1442, 1446 (11th Cir. 1997) (minor injury reflects minimal force).  Plaintiff's § 1983 claims are accordingly due to be dismissed.

III.    Claims for "Assault, Battery, and Conspiracy"

In his Supplement, Plaintiff may have also attempted to bring state law claims for "assault, battery, and conspiracy."  Because a district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction, see 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

IV.    Request for "Warrant"

The Court further finds that Plaintiff's request for "a warrant" is frivolous.  The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions.  Otero v. U. S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987).  Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative. Id.

## CONCLUSION

Plaintiff's Complaint is therefore **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff's pending Motion to Appoint Counsel (Doc. 5) and Second Motion for Leave to Proceed *in forma pauperis* (Doc. 6) are moot.

SO ORDERED this 22nd  day of April, 2014.

*s/ Hugh Lawson*
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

jlr

6